UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| LISA E. NILES | * |
| 121 South Kelly Drive | * |
| Birdsboro, Pa. 19508 | * |
| | * |
|     Plaintiff | * |
| v. | *    2016 CA # |
| | * |
| United States Capitol Police Board | *    Jury Trial Demand |
| Office of the Chief | * |
| 110 D Street, N.E. | * |
| Washington, D.C. 20510-7218 | * |
| Serve | * |
| United States Attorney's Office | * |
| For the District of Columbia | * |
| & | * |
| United States Attorney General | * |
| & | * |
| The United States Capitol Police | * |
| | * |
| All served via Certified Mails | * |
|     Defendant | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I.  INTRODUCTION**

1.   This is a complaint for declaratory, injunctive relief and damages which is brought to redress a deprivation of Plaintiff's rights under of the 42 USC § 2000e et. seq., 1964 Civil Rights Act, the Americans with Disabilities Act, the Family Medical Leave Act and the Family Medical Leave Act , and 29 U.S.C.§ 623 et seq., the Age Discrimination in Employment Act.  Plaintiff submits that her termination by the Defendant, United States Capitol Police Board, was in violation of her rights under the above referenced civil rights statutes and her rights to due process under the provisions of the Due Process Clause of the Fifth Amendment of the United State Constitution.

1

## II. JURISDICTION

2. The jurisdiction of this Court in invoked pursuant to the provisions of :

(a) 28 U.S.C. § 1331 in that Plaintiff's claims arise under the laws and the United States Constitution.

(b) 42 USC § 2000e et seq., in that this case is brought for redress of a depravation of Plaintiff's rights under the provisions of Title VII of the 1964 Civil Act.

(c) 42 U.S.C §12111(8) and §12102(2) in that this case is brought for redress of Plaintiff's rights under the provisions of the Americans with Disabilities Act.

(d) 2 U.S.C. § 1301 et seq. of the Congressional Accountability Act of 1995, in that this Action is brought to redress a violation of Plaintiff's rights thereunder.

(e) The Due Process Clause of the Fifth Amendment of the United States Constitution.

## III.  PARTIES

3. Plaintiff, Lisa Niles, is a former employee of the Defendant U.S. Capitol Police who had been employed by the Defendant for over a period of eleven years prior to her termination with the defendant.

4. Defendant, U.S. Capitol Hill Police, is Plaintiff's former employer who terminated her in violation of her rights under the above referenced civil rights statutes.

## IV. STATEMENT OF FACTS

5. Plaintiff, Lisa Niles, was hired by the Defendant, as a United States Capitol Police Officer on August 29, 2003. Prior to her termination in 2015, she had a clean record of "Good Standing" and had been promoted to the rank of Sergeant in January 2012.

6. Plaintiff earned an Associate of Science in Mental Health Social Service in 1999; a Bachelor of Science of Science in Social Services in 2002 and a Masters of Science in Criminal Justice in 2008.

7. On or about February 26, 2014, while traveling on an Amtrak train to work, Plaintiff was accused of taking a seat check ticket. Plaintiff could not produce a ticket as result of being given oral permission by an Amtrak conductor prior to boarding the train. As a result of her inability to produce a ticket, she was sent to Amtrak Police, questioned and subsequently warned about boarding an Amtrak train without either the permission from a conductor or having a paid ticket prior to boarding an Amtrak train. Allegedly, Plaintiff was warned that she could face a citation or arrest for theft of services and was sent on her way to work.

8. Plaintiff continued to utilize Amtrak to work as a "courtesy rider" until May 17, 2014.

9. On May 17, 2014 Plaintiff again boarded an Amtrak train after having made eye contact with the conductor who was familiar with her being a law enforcement officer. She asked him if she could get on for a courtesy ride and he nodded to let her board the train.

10. After she boarded the Amtrak train going to Washington, D.C. she was seat-checked by a female conductor. Plaintiff explained to the female conductor that she was given permission to board for a courtesy ride. The female conductor informed Plaintiff that she would not allow Plaintiff a courtesy ride. Plaintiff did not want any problems, so she decided to get off the next stop, which was Baltimore, Maryland.

11. Once Plaintiff reached Baltimore, Maryland and got off the train, she was met with Amtrak Police (APD) and was asked to follow them to their office.

12. The Amtrak Police requested for Plaintiff to produce her ID or Driver's license. Unable to produce her license, Niles identified herself as a U.S. Capitol Police Officer. The Amtrak police asked Plaintiff for her credentials. Amtrak Police also asked Plaintiff for her supervisor's name and phone number. Plaintiff gave Amtrak Police the requested information.  Plaintiff decided that she would rather pay the fare in order to avoid any other issues.  In the midst of the confusion and the hurry to conduct roll call, Plaintiff paid for her ticket by her credit card and was allowed to proceed to Washington, D.C.

13. On May 20, 2014 the Office of Professional Responsibility (OPR) at the U.S. Capitol Police Department received information from the Amtrak Police regarding the above-mentioned two incidents involving the Plaintiff. It was reported that Plaintiff on two occasions had boarded an Amtrak train and failed to pay the ticket fares to travel from Wilmington, Delaware to Washington, D.C.

14. As a result of the Amtrak Police report, OPR initiated an investigation. During OPR investigation, Plaintiff could not and would not admit that Amtrak Police Department (APD) advised her about stealing seat ticket incident in February of 2014. She also denied that what she had done was illegal and maintained that she had no recollection of the events which allegedly occurred on February of 2014.

15. Plaintiff was concerned that she had no recollection whatsoever of the February incident, Plaintiff consulted with Dr. Reed, MD, who upon examination determined that Plaintiff suffered from Transient Global Amnesia (TGA).  TGA is a valid diagnosis that manifests itself as a paroxysmal, transient loss of memory function. Immediate recall ability is preserved, as is remote memory, however, patients experience striking loss of memory for recent events and an impaired ability to retain new information temporary.

4

16. On October 1, 2014, Plaintiff was charged with Conduct Unbecoming for being stopped and warned by Amtrak Police, pursuant to the provisions of CP-535,013 Request for Disciplinary Action for violations of USCP Directive #2083. Rules of Conduct, Category C: Detrimental Conduct, Rule C: Conduct Unbecoming and USCP Directive #2053, 013, Rules of Conduct, Category A: Duty to obey, Rule A7: Truthfulness.

17. On or about October 15, 2005, Plaintiff, while on duty fell down and hit her head on a portable bike rack before falling completely onto the ground hitting the back of her head.  She was subsequently transported to the hospital.  Plaintiff had suffered a seizure due to a brain tumor.

18. On April 3, 2006, Plaintiff's treating physician noted that Plaintiff's seizure could have been caused by the head trauma and that Plaintiff's seizure threshold may have been lowered by excessive fatigue.

19. The charge of Truthfulness was made because Plaintiff failed and/or refused to have any recollection of the events of February 26, 2014.

20.  On February 12, 2015 a hearing was held by the Disciplinary Review Board (DRB) on the charges against the Plaintiff by the Office of Professional Responsibility. Subsequently, Defendant made a finding that Plaintiff was guilty of all the charges.

21.  A Penalty Assessment Hearing was held to determine the penalty to be imposed by the DRB. On March 9, 2015 Defendant issued a Disciplinary Review Hearing and Penalty Report that recommended that Plaintiff be demoted to the Rank of Private First Class for the charge of Conduct Unbecoming and that for the Charge of Truthfulness that Plaintiff be terminated from her employment with the U.S. Capitol Police.

22. In the decision and recommended termination was issued with additional recommendation: that if the proposed termination was mitigated, and the demotion held in abeyance, Defendant requested that a new Office of Professional Responsibility (OPR) or Inspector General (IG) investigation be held into alleged violations of Ethics, Off Duty Employment and Voluntary Service.

23. These additional charges were exceeding the scope of the original investigation and were not part of the record. In particular, there was presumption that Plaintiff's eleven-year commuter rail history was part of the decision making process, although OPR allegedly investigated, but those facts referred are not fully presented in DPR hearings. Plaintiff has no way to defend herself in the Penalty report hearing at all. Those additional allegations and considerations in the penalty assessment report were part of the termination record was in violation of the Defendant's applicable regulations.

24. On or about July 20, 2015, Defendant acting through its Chief of Police, Kim C. Dine issued a Letter to Plaintiff's then-Counsel recommending that Plaintiff either resign or be terminated. On August 24, 2015 Plaintiff was terminated from her position with the U.S. Capitol Police.

25. On or about January 15, 2016, Plaintiff filed a Formal Request for Counseling with the Office of Compliance pursuant to the provisions of Congressional Accountability Act. In said complaint she alleged discrimination on the basis of Race, Sex, Disability and Age.

26. The Counseling period for Plaintiff's Complaint under the Congressional Accountability Act ended on February 16,2016. On February 17, 2016 Plaintiff was given Notice of End of Counseling which informed her that the Counseling period had ended and that she had 15 days in which to initiate a Request for Mediation.

27. On April 4, 2016, Plaintiff received a Notice of End of Mediation dated March 30, 2016, informing her that the period for Mediation ended on March 28, 2016 and that she had 90 days, but no sooner than 30 days, after the end of the Mediation period. Plaintiff was also informed that she could either file a formal complaint with the Office of Compliance in accordance with § 405 of the CAA or that she could file a Civil Action in accordance with § 408 of the CAA in the United States District Court.

28. Defendant terminated Plaintiff with harsh punishment/termination comparing with other white male employees.  Upon information and belief, some white male officers were charged with filing false overtime claims from the unit that provided dignitary protective security for House and Senate leaders and other lawmakers. None of the white male officers were terminated.  Upon information and belief, some white male officers left the service weapon in the public bathroom without any punishment.  A white male officer was reprimanded for pornography.  Some male officer had adulterous relationship, but there was no punishment at all.  None of these individuals were being terminated.

29. Within the time frame, Plaintiff decided to file this case in U.S. District Court.

## V. STATEMENT OF CLAIMS

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though stated in full herein.

31.  Plaintiff's disability claim arises out to the fact that after she was unable to remember any of the events of February 26, 2014 which formed the basis for disciplinary charges and Defendant's Disciplinary.

32. During the hearing before the Disciplinary Review Board, Plaintiff presented her medical evidence, of her prior seizure and brain tumor. She also presented evidence

by Dr. Reed's testimony that she suffered from Transient Global Amnesia (TGA) as a mitigating factor for her inability to remember the events of February 26, 2014.

33.   The Disciplinary Review Board's Penalty Assessment Report recommended that Plaintiff be terminated from her position because of her alleged refusal to either remember or acknowledge the events of February 24, 2014.  Defendant expects Plaintiff to "plea guilty" for the February 24, 2014.

35.   The symptoms of Plaintiff's disability, especially her TGA, was used as a basis to support the decision to terminate Plaintiff's employment.

36.   Plaintiff's removal was and is in violation of the provisions of the Americans With Disabilities Act and § 1311(a)(3) of the Congressional Accountability Act.

**COUNT I.  <u>DISCRIMINATION OF THE BASIS OF DISABILITY</u>**

37. Plaintiff adopts by reference paragraphs 1-36 as though stated in full herein.

38.   Plaintiff was an employee of the U.S. Capitol Police who has a disability. She has suffered from a seizure due to a brain tumor. She also has been diagnosed with and suffered from Transient Global Amnesia, manifests itself as paroxysmal, transient loss of memory function. Although immediate recall ability is preserved, as is remote memory, patients are known to experience a striking loss of memory for recent events and an impaired ability to retain new information temporary.

39. As a result of her disability, Plaintiff was unable to recall the events of February 26, 2014.  Due to her inability to either acknowledge or recall the events of February 26, 2014, Defendant brought the Charge of Truthfulness against Plaintiff.

40. Defendant's decision to terminate Plaintiff's employment was and is in violation of the provisions of the Americans with Disability Act as well as the provisions of Section 1311(a)(3) of the Congressional Accountability Act.

**COUNT II.  DISCRIMINATION ON THE BASIS OF RACE AND SEX**

41. Plaintiff adopts by reference paragraphs 1 through 40 as though stated in full herein.

42. On February 12, 2015, a hearing was held by the Disciplinary Review Board (DRB) on the sustained charges against the Plaintiff by the Office of Professional Responsibility. Subsequently Defendant made a finding that Plaintiff was guilty of all charges. A Penalty Assessment Hearing was held to determine the penalty to be imposed by the DRB.

43. On March 9, 2015, Defendant issued a Disciplinary Review Hearing and Penalty Report which recommended that Plaintiff be demoted to the Rank of Private First Class for the charge of Conduct Unbecoming and that for the Charge of Truthfulness that Plaintiff be terminated from her employment with the Capitol Police.

44. On or about July 20. 2015 Defendant acting through its Chief of Police, Kim C. Dine issued a Letter to Plaintiff's then-Counsel recommending that Plaintiff either resign or be terminated.  On August 24, 2015 Plaintiff was terminated from her position with the U.S. Capitol Police.

45. Upon information and belief, Defendant in the exercise of disciplinary sanctions treated similar situated white male employees differently and more favorably than Plaintiff when they were charged with violations of the U. S. Capitol Police Disciplinary Code.

46. Plaintiff submits that Defendant's decision to terminate her employment was based on her race and sex and is in violation of the provisions of the Title VII of the 1964 Civil Rights Act as well as the provisions of §1311(a)(1) of the Congressional Accountability Act.

## COUNT III.  PLAINTIFF'S RIGHTS UNDER THE FIFTH AMENDMENT DUE PROCESS CLAUSE WERE VIOLATED

47. Plaintiff incorporates by reference paragraphs 1 through 46 as though stated in full herein.

48.  Plaintiff's procedural due process claim arises out to the fact that Defendant failed to consider her medical evidence as required by law.

49.  Defendant also failed to consider progressive discipline evidence contrary to U.S. Capitol Police policies and protocols.

50.  Defendant failed to consider Plaintiff's impeccable employment history with no prior discipline in over eleven years.

51. Defendant also failed to consider any evidence or alternative sanctions contrary to USCP and protocols favoring progressive discipline.

52.  Defendant considered additional factors outside the scope of the charges against Plaintiff and therefore prejudicial since Plaintiff was never given any notice or an opportunity to prepare and/or rebut other incidents that the Chief report referred to.

53. The decision and the decision making process was based upon a violation of the Defendant's own applicable rules and regulations.

54.  Plaintiff believes that her due process rights under the provisions of the Fifth Amendment's Due Process Clause were violated.

## PRAYER FOR RELIEF

**WHEREFORE,** based upon the foregoing. Plaintiff prays that this Honorable Court:

(a) Issue an Order finding that Plaintiff was discriminated against on the basis of her disability in violation of the provisions of the Americans With Disabilities Act and §1301(a)(3) of the Congressional Accountability Act.

(b) Issue an Order finding that Plaintiff was discriminated against on the basis Race and Sex in violation of the provisions of Title VII of the 1964 Civil Rights Act and §1301(a)(1) of the Congressional Accountability Act.

(c) Issue an Order finding that Plaintiff's Fifth Amendment Due Process were violated by the defendant;

(d) Issue an order enjoining defendants from engaging in any discriminatory action on the basis of her disability;

(e) Issue an order enjoining defendants from engaging in any discriminatory action on the basis of her race and sex;

(f) Enter an order restating Plaintiff to her original position and awarding her back-pay, retirement and health benefits, increase of salaries from the date of her termination until the date of the appropriate order with interest;

(g) Enter an order awarding Plaintiff damages within the parameters of the applicable civil rights statutes;

(h) Enter an order awarding Plaintiff reasonable attorney's fees and expenses;

(i) Enter an order to award Plaintiff her prior attorney fees and expenses in the administrative hearing level; and

(j) Award Plaintiff any other relief this Honorable Court deems just and proper.

Respectfully Submitted,

*/s/ B. Marian Chou*

———————————————
B. Marian Chou, Esq. (D.C. #433279)
 717 D Street, N.W.#415
Washington, D.C. 20004
(202) 783-2794; 789-1186
bmchou@attorneychou.com