**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LISA NILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 16-cv-1209 (TSC) |
| | ) |
| U.S. CAPITOL POLICE BOARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

Plaintiff Lisa Niles, a former police officer with the U.S. Capitol Police ("USCP"), brings this suit challenging her termination, alleging disability discrimination under the Americans with Disabilities Act (Count I), race and sex discrimination under Title VII of the Civil Rights Act of 1964 (Count II), and violations of her right to Due Process under the Fifth Amendment (Count III). (*See* Compl. ¶¶ 37–54). Before the court is the narrow issue of whether Niles brought suit against and properly served the correct defendant. Defendant U.S. Capitol Police Board ("CPB"), which received service and entered an appearance, moves to dismiss on the basis that it is not the proper defendant, as the Congressional Accountability Act ("CAA") waived sovereign immunity for USCP employees to sue the USCP, not the CPB. (ECF No. 9). For the reasons stated herein, the court GRANTS CPB's motion, and the CPB is hereby DISMISSED from this case. The court further GRANTS Niles leave to properly serve the USCP.

## I.     FACTUAL BACKGROUND

Niles is a former police offer with the USCP. (Compl. ¶¶ 3, 5). Prior to her termination in August 2015, Niles had worked with the USCP for eleven years and had been promoted to the rank of Sergeant in 2012. (*Id.* ¶¶ 24, 3, 5). Twice in 2014, in February and May, while Niles

was commuting to work on an Amtrak train, she was stopped and questioned by Amtrak police

for riding without a ticket.  (*Id.* ¶¶ 7–12).  In both instances Niles stated she had been given

permission by a conductor to ride for free as a "courtesy rider."  (*Id.*).  In May 2014, Amtrak

Police contacted the USCP Office of Professional Responsibility ("OPR") about these two

incidents, and OPR subsequently began an investigation.  (*Id.* ¶¶ 13–14).  Niles reported that she

had no recollection of the events and would not admit that she had stolen a seat check ticket or

otherwise failed to pay for her own ticket during her commute.  (*Id.* ¶ 14).

In October 2014, Niles was charged by USCP with Conduct Unbecoming of an Officer

under the USCP's rules and directives for detrimental conduct and truthfulness.  (*Id.* ¶¶ 16, 19).

After a Disciplinary Review Board ("DRB") hearing in February 2015, Niles was found guilty of

these charges.  (*Id.* ¶ 20).  The DRB recommended that Niles be terminated for her lack of

truthfulness, and in August 2015 the USCP terminated her from her position.  (*Id.* ¶¶ 21, 24).  In

January 2016, Niles filed a request for counseling with the USCP Office of Compliance, and

when the counseling period ended in February she then entered into mediation with the USCP

until April 2016.  (*Id.* ¶¶ 25–27).  Following the end of mediation, she filed this suit.

## II.   LEGAL STANDARD

CPB asserts that the court lacks subject matter jurisdiction and moves to dismiss under

Federal Rule of Civil Procedure 12(b)(1).  Federal courts are courts of limited jurisdiction.  *See*

*Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004).  The law presumes that "a cause

lies outside [the court's] limited jurisdiction" unless the plaintiff establishes otherwise.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  When a defendant files a

motion to dismiss a complaint for lack of subject matter jurisdiction, the plaintiff bears the

burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63

(D.D.C. 2002).  In evaluating a motion to dismiss under Rule 12(b)(1), the court must "assume

the truth of all material factual allegations in the complaint and 'construe the complaint liberally,

granting plaintiff the benefit of all inferences that can be derived from the facts alleged[.]'"  *Am.*

*Nat'l Ins. Co. v. F.D.I.C.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*,

394 F.3d 970, 972 (D.C. Cir. 2005)).

## III.   DISCUSSION

### A.   Claims Against the Capitol Police Board

The CPB argues that the court lacks subject matter jurisdiction and the CPB must be

dismissed as a defendant because the United States has not waived its sovereign immunity for

suits against the CPB.  The United States is "immune from suit save as it consents to be sued,"

*United States v. Dalm*, 494 U.S. 596, 608 (1990), and therefore "may not be sued without its

consent," *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Congress established a limited

waiver of immunity for claims brought by employees of Congress when it passed the

Congressional Accountability Act of 1995 ("CAA"), 2 U.S.C. § 1301 *et seq.*  The CAA

authorizes "covered employees" of Congress and its associated entities to sue their "employing

office" under several federal employment statutes, including Title VII and the ADA.  2 U.S.C.

§ 1311(a)(1), (a)(3).  As related to the present suit, an "employee of the Capitol Police" is a

covered employee under the CAA, and the employing office is "the United States Capitol

Police."  2 U.S.C. § 1301(3)(D), (9)(D).  Therefore, USCP employees may only bring suits

against the USCP, because the CAA has only waived immunity for suits against the USCP, not

the CPB.

In her opposition to the CPB's motion to dismiss, Niles did not offer any arguments in support of whether the court has subject matter jurisdiction to hear her suit against the CPB. Because Congress clearly waived immunity for suit only as to the USCP, and Niles does not dispute the CPB's arguments, the court agrees that it lacks subject matter jurisdiction to hear her claims against the CPB. The motion is therefore granted.

### B.  Proper Service of U.S. Capitol Police as a Defendant

As explained above, the CAA establishes that the proper defendant in this case is the U.S. Capitol Police, which has not entered an appearance. Niles argues that she already properly included the USCP as a defendant because she listed it in the caption of her complaint and on the civil cover sheet, and she delivered a copy of the summons and complaint to the U.S. Attorney General, the U.S. Attorney's Office for the District of Columbia, and to Matthew Verderosa, the Chief of Police at the USCP, in accordance with the requirements of the federal rules. *See* Fed. R. Civ. P. 4(i)(2) (plaintiff must serve U.S. Attorney's Office or Attorney General, and send a copy of the summons and complaint to the agency). However, Niles has proffered no evidence that Verderosa was the correct party to serve at the USCP or that the USCP has otherwise received a copy of the summons and complaint; instead, she only submitted evidence to establish that she properly served the Attorney General and U.S. Attorney's Office. (*See* ECF No. 5, Exs. 1–2). The court therefore cannot determine whether the USCP has been properly served.

While Niles believes she has effectuated proper service, she requests leave to amend her complaint to add the USCP as a defendant in the event the court concludes that such amendment is necessary. In the court's view, it is not. Niles's complaint already lists the USCP as a party in its caption and in the text of the complaint itself. Therefore, the only defect with her prosecution of this litigation appears to be in serving the USCP. The court finds that the USCP will not be

prejudiced by being served at this early stage in the litigation, and so the court grants Niles leave to properly serve the USCP as a defendant.

## IV.    CONCLUSION

For the foregoing reasons, the CPB's motion to dismiss is GRANTED and Niles's request to properly serve the USCP with her complaint is also GRANTED.

Date:  January 31, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge